"Wilkin, J.
 

 The demurrer raises a question as to the availability of the remedy sought. Do the facts set forth in the petition justify the issuance of a writ of prohibition?
 

 
 *87
 
 As has been stated in earlier opinions in this court, three conditions are necessary to warrant that high prerogative writ:
 

 1. The court or officer against whom it is sought must be about to exercise judicial or gmsi-judicial power.
 

 2. The exercise of such power must be unauthorized by law.
 

 3. It must appear that the refusal of the writ would result in injury for which there is no other adequate remedy.
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 271, 112 N. E., 1029. It is doubtful whether the first two conditions obtain in this case, and it is certain that the third condition does not obtain.
 

 As to the first condition it is to be noted that the Tax Commission is called upon by Section 5625-13c, General Code, to approve or disapprove the petition submitted to it. If it disapproves, it is to return the petition with a memorandum of its objections. If it approves, it is required to forward the petition, marked with its approval, to the clerk of the Common Pleas Court to which the petition is addressed. Such a performance is certainly much more ministerial than judicial. Counsel say it is not clear what the purpose of the Legislature was in requiring the submission of the petition to the Tax Commission; but the purpose evidently was to give the Common Pleas Court the benefit of the opinion of the Tax Commission. While the Tax Commission is required to exercise its judgment as to whether or not the petition should be approved, the result of what it does is more in the nature of an expert opinion than a judicial pronouncement. It is to approve or disapprove from a practical point of view, from the point of view of its own particular function. That the commission was not meant to act in a judicial capacity is apparent from the fact that the petition when approved must be submitted to the Common Pleas Court. And the next two sections pro
 
 *88
 
 vide for the giving of notice and the hearing of the petition and objections. Evidently the judicial function with reference to such petition is exercised by the Court of Common Pleas.
 

 As to the second condition, it cannot be said that the exercise of such power by the commission is unauthorized. On the contrary, the law itself commands the exercise of the power. It is the claim of the relator that the transfer of funds requested by the village of Moreland Hills is unlawful. The relator does not claim that Sections 5625-13a to
 
 5625-13g,
 
 General Code, are invalid or unconstitutional. He states merely that the transfer requested is illegal. The petition alleges that the commission has approved similar petitions. But such approval is not final and the relator has the right to oppose the proceedings in court. The same rule applies with reference to proceedings by the commission that has been applied to proceedings in court:
 

 “Where a court has full and complete jurisdiction of the subject-matter of an action therein pending, a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment. An adequate remedy is available by proceeding in’ error.”
 
 State, ex rel. Carmody,
 
 v
 
 Justice, Judge, 114
 
 Ohio St., 94, 150 N. E., 430.
 

 As to the third condition, it is perfectly apparent from what has been said that another adequate remedy exists. Provision is made for the filing of objections in the Common Pleas Court and full hearings are prescribed. Counsel for the relator state that it would be very inconvenient for the relator to appear in every Common Pleas Court where such a petition is filed. But that is not to say that the remedy is inadequate. The principle is well established in Ohio that such writ may not be employed as a convenient short-cut to a final determination of rights of litigants; it may not be employed as a substitute for error; or for the ordinary available remedies.
 
 (State, ex rel. The Knights
 
 
 *89
 

 Templar and Masonic Mutual Aid Assn.,
 
 v.
 
 Common Pleas Court of Meigs County,
 
 124 Ohio St., 493, 499, 179 N. E., 415;
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420.) As stated in the opinion in the ease of
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening, supra,
 
 if revisory jurisdiction has been conferred the relator will be required to avail himself of such remedy.
 

 The provision that such petitions and objections should be heard in the Common Pleas Court is supported by a very sound public policy. The greatest convenience to the greatest number is conserved by hearing such matters in the local courts. If this court were to hold the petition sufficient in this case, then similar petitions would be filed by objectors in subsequent cases, and the legality of the petitions requesting authority to transfer funds would be tested in first instance in this court instead of in the Common Pleas Court as expressly provided by the statutes. A writ of prohibition will not issue where jurisdiction of the subject-matter has been conferred upon another court.
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335.
 

 Demurrer sustained.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Beyes and Zimmerman, JJ., concur.