### STATE ex METHODIST BOOK CONCERN v GUCKENBERGER

Ohio Appeals, 1st Dist, Hamilton Co

No 5194. Decided March 22, 1937

Harry J. Koehler, Jr., Hamilton, and M. C. Slutes, Cincinnati, for relator.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Walter M. Locke, Cincinnati, and Greg H. Williams, Cincinnati, for respondents.

## OPINION

By MATTHEWS, J.

This is an action invoking the original jurisdiction of this court in prohibition.

The relator, the Methodist Book Concern, a corporation, alleges that it made application in 1934 to the Tax Commission of Ohio, to have certain described real and personal property owned by it, and located in Hamilton County, placed on the tax exempt list, on the ground that it was used for charitabe purposes, and that said Tax Commission on the 19th day of June, 1934, made a finding on its journal on said application that said property was exempt from taxation for the year 1934 "and thereafter as long as said property is used for the purposes stated in said application."

The relator also alleges that said finding remains unreversed and unmodified.

It also alleges that the property is still being used for the purposes set forth in the application to the Tax Commission in 1934, but, that notwithstanding this, the defendant as auditor of Hamilton County has threatened to, and will place this property on the taxable list of property for the year 1937, unless prohibited by this court.

The relator further avers that such action would constitute a usurpation of judicial or quasi-judicial authority; that it has no adequate remedy in the ordinary course, and prays, therefore, that this court issue a writ prohibiting the auditor from assuming to exercise such authority.

The cause comes before the court upon the defendant's general demurrer to the petition.

In passing upon the demurrer, we must disregard legal conclusions found in the petition and base our decision solely upon the facts pleaded. Then assuming the facts pleaded to be true, do they state a cause of action for the issuance of the writ?

It is the contention of the relator that the auditor of Hamilton County has no authority to determine whether property is taxable or non-taxable, that in assuming to place the property on the taxable list he usurped authority of a judicial or quasi-judicial nature; that the Tax Commission of Ohio alone has jurisdiction to determine whether this property is taxable or non-taxable; that it has determined that it is non-taxable. Therefore, relator contends that a writ of prohibition should be awarded against the auditor of Hamilton County.

We shall examine these claims.

(1) That the auditor is an administrative as distinguished from a judicial officer is not questioned. The levy and collection of taxes is legislative in its nature. The constitution of Ohio confers that power upon the legislative department. No such power is conferred upon the judicial department. The levying and collection of taxes are universally recognized as non-judicial in their nature. Rees v Watertown, 19 Wall. 107.

While the levying and collection of taxes is non-judicial and the officers performing those functions are administrative and not judicial, still a power that partakes of the nature of judicial power may be conferred upon such officers.

Now when is power, judicial in its nature, conferred upon tax officials?

. It seems clear to us that the power exercised by tax assessors engaged in the field gathering data is ministerial and not judicial

1. also seems clear that the auditor in preparing the tax list from the data obtained by the assessors and the returns of property owners and applying the tax rate thereto is likewise exercising ministerial and not judicial power.

While the assessor and auditor in performing these functions exercise judgment and reach conclusions, it is of the same nature that is required of every officer charged with the duty of enforcing the law. It is not interpreting, declaring and applying the law and deciding between conflicting claims. There is no plaintiff, defendant and judge, or any situation that approximates such conditions. There is no hearing and none contemplated or required by the law.

Judicial power consists in interpreting and applying the law by a duly authorized court to the facts involved in a contention between parties respecting their rights. Muskrat v U. S., 219 U. S. 346. 8 O. Jur. 272. And to conform to due process of law, the conditions can only be adjudicated after notice and an opportunity to be heard. Huertado v California, 110 U. S. 516.

So that it is only when there is conferred upon administrative officers the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial, that it can be said that quasi-judicial power has been conferred. And it is only when that sort of power has been usurped by an administrative officer that he is amenable to the writ of prohibition.

We do not find any resemblance to such power in the action of the county auditor in listing taxable and exempt property.

(2) · Does the law authorize the county auditor to list taxable and exempt property?

·There are so many sections of the General Code relating to the duties of the Tax Commission and the county auditor in relation to the tax duplicate and to one another, that it is impossible to quote them in extenso or to analyze them in detail. Some of the sections that are especially applicable to this inquiry are:—§§2548, 5548, 5570, 5570-1, 5579, 5609, 5610, 5611-1, 5613, 5616, and 5624-12, GC. There are many other sections throwing light upon the power of the different taxing agencies. We have considered all of them in reaching our conclusion.

By these sections, undoubtedly, the auditor is required to prepare each year a list indicating the taxable and non-taxable or exempt property. And, in so doing, his power is not limited by the action of the tax commission in any prior year, excepting that he may not place any additional property upon the exempt list; the law providing only that "it shall not be necessary to obtain the commission's consent to the exemption of additional property or investments of the same kind belonging to the same institution." We find no limitation upon the authority of the county auditor to transfer from the exempt list of a prior year to the taxable list of the current year.

Further, an analysis of these sections convinces us that the legislature intended to give to the tax commission general authority to direct and supervise the county auditor by prior order or orders as to matters of procedure only in preparing the taxable lists. It intended, however, to place the responsibility of such preparation of the list upon the auditor. It has not conferred upon the tax commission authority to itself construct a taxable list. It has indeed conferred upon that body authority to correct the taxable list as prepared by the auditor when its jurisdiction is invoked in the manner and in the time prescribed by statute, that is by complaint or appeal to it within the time prescribed after the taxable list has been filed by the auditor for public inspection.

Our conclusion upon this phase of the case is that in placing the property upon the taxable list the auditor performs a duty imposed by law and not a usurped authority.

(3) After the auditor has performed the ministerial act of preparing the list showing the taxable and exempt property, he is required to place the same on file for public inspection within the time prescribed by law. It is at this point that the administrative authority assumes the character of a quasi-judicial proceeding, for the reason that the law provides that any person dissatisfied with the list may file a complaint with either the local board of revision or the tax commission of Ohio, depending upon the character of the complaint. If the complaint relates to the valuation of property on the taxable list, it must be made to the board of revision. From a ruling by that board, an appeal may be taken to the tax commission.

If, however, the complaint relates to the

exemption of property, the local board of revision has no jurisdiction. The statute confers the authority upon the tax commission, subject to review by the courts.

Counsel cite **State ex Toledo Trust Co. v Fox et, as Board of Revision, etc., 39 Oh Ap 465.** It will be noted that that action was against the board of revision, and not against the county auditor, and that the relator sought to prevent that board from transferring property from the exempt list prepared by the auditor to the taxable list. The court clearly pointed out that the law gave the board of revision no jurisdiction to revise the exempt list. The court prohibited the board, thereby leaving the exempt list prepared by the county auditor unimpaired. The case is a good illustration of the usurpation of quasi-judicial authority by an administrative board, calling for the issuance of a writ of prohibition (38 O. Jur. 1056) but it is not authority for either of the propositions that the auditor has no authority, or that his action in preparing the list is quasi-judicial.

We conclude that the relator has a plain and adequate remedy before the tax commission, and if dissatisfied with its decision, by prosecuting error to the Court of Common Pleas, as provided in §5611-2, GC, and for that reason the writ of prohibition should not issue.

(4) We come to the last contention, which is, that the action of the tax commission exempting this property in 1934 and reciting in its journal entry that it should remain exempt "thereafter as long as said property is used for the purposes stated in said application," is res adjudicata, or, at least, operated as a mandate to the auditor to continue to place the property upon the exempt list until such time as the tax commission should vacate its order.

That the only question before the tax commission in 1934 was whether this property was taxable in that year seems to us clear. The complaint was not that the auditor had placed the property on the taxable list for 1935, or any subsequent year. The complaint was as to his action for 1934. The law provides for a new list each year.

We conclude that neither the nature of the issue presented nor the law clothed the tax commission with jurisdiction to decide anything in that proceeding other than that the property was exempt for the year 1934.

But it is said that the tax commission has general supervisory power over the county auditor and that this order operates as a direction to him. If so, the remedy

would be mandamus (38 O. Jur. 936) to compel the performance of a duty, rather than prohibition.

However, while we recognize that the tax commission has broad power conferred upon it, we have been cited to no statute conferring a prior authority over the action of the auditor in relation to the preparation of the list of taxable and exempt property, and have found none. And we conclude that the tax commission, as constituted in 1934, could not bind the tax commission of any subsequent year, either as to an interpretation of the law or as to conclusions to be drawn from the evidence, and we, therefore, reach the final conclusion that the recital in its journal entry of 1934 was of no force or efficacy in any subsequent year.

For these reasons, the demurrer is sustained.

HAMILTON, J, concurs.

ROSS, PJ, concurring:—I concur in the judgment for the reason that having found that the auditor is not exercising either judicial or quasi-judicial functions, it became unnecessary to proceed further. The demurrer must, therefore, be sustained.