Gorman, J.
 

 The determination of this cause depends upon the construction of two sections of the General Code, which are as follows':
 

 Section 5616: “Any person, board or officer authorized by this act to file complaints with the county board of revision may complain to the Tax Commission of Ohio at any time prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation in that year,
 
 or its exemption
 
 therefrom. The commission shall hear such complaint and determine whether the property complained of is subject to taxa
 
 *29
 
 tion and certify its findings to the county auditor, who shall correct the tax list and duplicate accordingly.” (Italics ours.)
 

 Section 5570-1: “It shall be the duty of the county auditor to make a list of all the property, both real and personal, in his county, and including moneys, credits and investments in bonds, stocks, or otherwise, which is exempted from taxation under Sections 3410-6, 4759, 5349, 5350, 5351, 5352, 5353, 5353-1, 5356, 5357, 5359, 5361, 5362, 5363, 7915-1, 10093, 10101, .10105 and 10192 of the General Code. In each case in addition to the name of the owner, such list shall show the value of the property exempted and a statement in brief form of the reason for or ground on which such exemption has been granted.
 
 It shall be corrected annually by adding thereto such items of property as may have been exempted during the year and by striking therefrom such items as shall have lost their right of exemption and which shall be re-entered on the taxable list.
 
 After this act takes effect
 
 no additions shall be made to such exempt lists nor additional items of property exempted under any of the sections enumerated herein without the consent of the Tax Commission,
 
 but when any personal property or endowment fund of an institution has once been held by the Tax Commission to be properly exempt from taxation, it shall not be necessary to obtain the commission’s consent to the exemption of additional property or investments of' the same kind belonging to the same institution; but such property shall appear on the abstract filed annually with the commission. The Tax Commission shall, prior to January 1,1925, revise the list in every county so that no property is improperly or illegally exempted from taxation; and shall have power to make further revision at any time thereafter. The county auditor shall follow the orders of the Tax Commission given under this section. An abstract of such list shall be filed annually with such commission on a form to be approved
 
 *30
 
 by it, and a copy thereof shall be kept on file in the office of each county auditor for public inspection.” (Italics ours.)
 

 The language of these sections is clear and unambiguous. After July 9, 1923, the effective date of Section 5570-1, General Code, the Tax Commission of Ohio had the exclusive right to place property on the exempt list. On the other hand the county auditor, in revising the annual tax list, still has the power to strike from the exempt list or duplicate “such items as shall have lost their right of exemption” and place them on the taxable list.
 

 In so doing, it is not necessary for the county auditor to conduct hearings. His duty in so acting is purely ministerial, and not
 
 quasi-judicial.
 

 After the transfer is made, the relator may appeal to the Tax Commission of Ohio by virtue of the provisions of Section 5616, General Code, or if the county auditor is threatening to transfer items of property of the relator from the exempt list to the taxable list, relator may proceed by way of injunction, under the provisions of Section 12075, General Code.
 
 Conn et al., Trustees,
 
 v.
 
 Jones, Treas.,
 
 115 Ohio St., 186, 152 N. E., 897. See also 84 A. L. R., 1315, 1325.
 

 Since the county auditor, in transferring items from the exempt list to the taxable list, is acting in a purely ministerial capacity, and inasmuch as the statutes provide plain and adequate remedies which are available to the relator, a writ of prohibition will not issue.
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 211, 128 N. E., 70;
 
 State, ex rel. Harrison, a Taxpayer,
 
 v.
 
 Perry, Coroner,
 
 113 Ohio St., 641, 150 N. E., 78;
 
 State, ex rel. MacDiarmid,
 
 v.
 
 Eastman, Judge,
 
 118 Ohio St., 121, 160 N. E., 626.
 

 For the reasons stated, the Court of Appeals did not
 
 *31
 
 err in sustaining the demurrer to relator’s petition, and the judgment of that court is therefore affirmed.
 

 i
 
 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.