### STATE ex GREENWOOD v BAALS et

Ohio Appeals, 1st Dist, Warren Co.

No. 194. Decided Oct. 28, 1940.

R. Hilliard Greenwood, Lebanon, for relator.

C. Donald Dilatush, Lebanon, for respondents.

### OPINION

By HAMILTON, PJ.

This is an original action, brought in this court, in which the relator, Greenwood, seeks a writ of prohibition, to prohibit the respondents from proceeding in a certain action in forcible entry and detainer.

A temporary writ was allowed, returnable on the day and at the time directed therein.

The respondents move to set aside the temporary writ, to refuse the application for a writ of prohibition, and to dismiss the petition of the relator, on the ground it does not state a cause of action, calling for the exercise of the extraordinary writ of prohibition.

In this situation, we are constrained to consider the motion to dismiss as a demurrer to the petition, testing the legal right of the relator to the relief sought.

It may be said in passing that the defendants, other than the Justice of the Peace are not proper parties to such action, and the writ would not obtain as to them in any event.

It appears from the petition that Hazel E. Baals filed an action before Wade S. Brown, Justice of the Peace of Turtlecreek Township, Warren County, Ohio, in forcible entry and detainer; the relator being a tenant of the property of the said Baals.

An affidavit of bias and prejudice was filed by the relator, Greenwood, in that action against Wade S. Brown, the Justice of the Peace, and the Court of Common Pleas transferred the case to the court of James Carman Crane, a Justice of the Peace in Wayne Township, Warren County, Ohio.

When the case was called for trial, Greenwood, the relator here and the defendant in that action, objected to the Justice hearing the case, on the ground that he was not a qualified justice of the peace, in that he failed to file a bond as such, although some months had passed since his election as such Justice of the Peace. He also objected to the Court exercising jurisdiction as a written lease was involved, and the Court had no equity powers to determine the rights under that lease. The justice overruled both motions, and proceeded to the trial of the case.

Whether the court was correct in overruling the motions is not necessary to determine here, because that would be passed upon on error if such proceeding were had.

The case was tried to a jury and the verdict was returned in favor of the plaintiff, Hazel E. Baals, finding the defendant, relator here, guilty under the charge of forcibly detaining the premises. The justice entered judgment on the verdict, and transferred the case back to the court of Wade S. Brown, the Justice of the Peace in whose court the action was originally filed, for execution.

After the judgment had been rendered and the case transferred back to the court of Wade S. Brown, relator filed this action in this court.

The action in prohibition is recognized as an extraordinary remedy, and can only be granted in exceptional cases.

We have the situation here that one of the respondents, James Carman Crane, the Justice of the Peace for Wayne Township, has already entered a judgment and transferred the case back to the court of Justice Wade S. Brown, so that if the relator ever did have the right to the relief sought here, it now comes too late, in that as stated, Justice Crane has already performed all the things to be done in his court, and there is nothing to prohibit in so far as the respondent Brown is concerned. All that remains for him to do is to issue the writ of restitution under the judgment. This has been held to be merely ministerial, and a writ of prohibition cannot be issued to prevent the performance of a purely ministerial act by an officer.

Further, the writ will only be granted where there is no adequate remedy at law. The remedy, if any, of the relator would be injunction, which relief might be sought in a separate action, or ancillary in an error proceeding.

It is argued by the relator that he has no adequate remedy at law, for the reason that the filing of an appeal and the staying of the proceeding would require the giving of a bond. Otherwise, the appeal proceeding would avail him nothing as the officer would proceed to eject him. The mere requirement of the giving of an appeal bond on questions of law does not deprive the party of an adequate remedy, although it has been observed by some courts that such a requirement might work an injustice and actually deprive a party of an adequate remedy, particularly if the bond should be excessive. This does not change the character of the remedy.

If authority is necessary under the facts of the case and the settled law, we cite: **State ex rel v Lueders, etc., 101 Oh St 211; 32 O. Jur. 565, et seq; State ex rel v Miller, 126 Oh St 287.**

The demurrer to the petition will be sustained, the writ refused, and the petition dismissed.

MATTHEWS & ROSS, JJ., concur.