Bell, J.,
 

 dissenting. I dissent from the conclusion reached in this case for the reason that in my judgment this case is controlled by the decision rendered in the companion case of
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals, ante,
 
 559.
 

 The power to exempt property from taxation is granted by Section 2, Article XII of the Ohio Constitution which reads in part as follows:
 

 “* * * General laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose. * * *”
 

 Pursuant to this grant of power the present Section 5570-1, General Code, was enacted and reads in part as follows:
 

 “* * * T3ae Board of Tax Appeals shall not consider an application for exemption of property under any of the sections enumerated herein unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying the taxes,
 
 assessments,
 
 penalties and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed.”
 

 Section 5349, General Code, under which this application for exemption was made is specifically mentioned in Section 5570-1, General Code.
 

 In the case of
 
 Ursuline Academy
 
 v.
 
 Board of Tax Appeals, supra,
 
 Judge Turner says:
 

 “The treasurer’s certificate attached to appellant’s application for exemption shows that the taxes, assessments, penalties and interest levied and assessed
 
 *574
 
 against the property sought to be exempted have not been paid. Under the statute above quoted a certificate of the county treasurer certifying that such taxes, assessments, penalties and interest have 'been paid in full to the date upon which the application for ex.emption is filed is a condition precedent to the consideration of the application by the Board of Tax Appeals.”
 

 The statute above quoted in Judge Tunler’s opinion is Section 5570-1, General Code.
 

 That statement clearly and correctly states the law.
 

 The Board of Tax Appeals has éxclusive authority to declare property exempt. See
 
 State, ex rel. Methodist Book Concern,
 
 v.
 
 Guckenberger, Aud.,
 
 133 Ohio St., 27, 10 N. E. (2d), 1001.
 

 The auditor has the power to remit taxes, interest and penalties, with the consent of the Board of Tax Appeals.
 

 As far as I have been able to find there is no authority, either constitutional or statutory, granting any board or p>ublic officer power to remit
 
 assessments.
 

 In the instant case it is said that the Board of Tax Appeals has jurisdiction by reason of the proviso in Section 5570-1, General Code. This proviso reads as follows:
 

 “Provided, however, that taxes, penalties and interest which have accrued after the' property began its use for the exempt purpose but in no ease prior to the date of acquisition of the title to said property by applicant, may be remitted by the county auditor, with the consent of the Board of Tax Appeals.”
 

 The application for exemption was filed with the Board of Tax Appeals on May 28,1942; the record discloses that no certificate or affidavit executed by the county treasurer certifying that taxes,
 
 assessments,'
 
 penalties and interest levied and assessed against the property sought to be exempted have been paid in
 
 *575
 
 full to the. date upon which the application for exemption was filed. On the contrary the certificate of the treasurer which is a part of the application for exemption reads as follows:
 

 “May 16, 1942
 

 ‘ ‘ Treasurer’s Certificate.
 

 “I hereby certify that taxes, assessments, penalties and interest on the within described premises have not been paid in full to and including April 28, 1942.
 

 “John J. Boyle, County Treasurer,
 

 “Frank M. Brennan, Deputy.”
 

 By agreement an additional certificate was secured from the county treasurer and introduced as Exhibit 7. This certificate shows that the taxes for the year 1942 were unpaid; that there was $720.23 representing delinquencies prior to 1941 and $443.19 for 1941 making a total of $1,163.42 due and unpaid, exclusive of taxes for the year 1942, at the time of the filing of the application. The figures submitted do not disclose that any part of that amount due is for
 
 assessments.
 

 In my judgment there are four reasons why the Board of Tax Appeals did not have jurisdiction to consider this application.
 

 First.
 
 The certificate or affidavit of the county treasurer must certify that the taxes,
 
 assessments,
 
 interest and penalties have been paid to the date of the application. In the proviso contained in Section 5570-1, General Code, there is no grant of power to remit assessments; therefore, even if the taxes, interest and penalties had been remitted by the county auditor with the consent of the Board of Tax Appeals, the certificate or affidavit of the county treasurer would be necessary to disclose that all
 
 assessments
 
 had been paid as a condition precedent to the attaching- of jurisdiction to entertain and determine the application.
 

 Second.
 
 This record discloses not only that the county auditor never remitted any taxes, interest or
 
 *576
 
 penalty but affirmatively discloses that no application, was ever made to the auditor to grant such relief.
 

 Third.
 
 Under the proviso the only taxes that may be remitted are those which accrued after the property began its use for the exempt purpose. No such claim was or could be made for the reason that this property, being vacant land, has not as yet begum its use for any exempt purpose.
 

 Fourth.
 
 The Board of Tax Appeals is without authority to enlarge its jurisdiction by rule "or to pass ,any rule which conflicts with general law.
 

 In the majority opinion Section 1464-1, General Code, is quoted in part as follows:
 

 “
 
 * ■ * * The Board of Tax Appeals shall exercise the. following powers and perform the following duties of the Department of Taxation * * *.
 

 “8. To adopt, and to promulgate in the manner provided by this act, all rules of the Department of Taxation relating "to the procedure of the board in administering the laws which it has the authority or duty to administer, and to the procedure of officers or employees of the department whom the board may appoint.”
 

 The majority opinion proceeds upon the theory that the Board of Tax Appeals may and did,.under this provision of the General Code, pass a rule dispensing with the certificate of the county treasurer. There can be no question that the Board of Tax Appeals, by virtue of this section, is granted rule-making power. However, the board has no power to make any rule in conflict with a statute. If the construction placed on the rule quoted in the majority opinion is correct then the board has passed a rule which-supersedes the statute. This cannot be done.
 

 For these reasons in my opinion the Board of Tax Appeals was without jurisdiction to consider this application for exemption. The decision should be re
 
 *577
 
 versed and the cause should be remanded with instructions to dismiss the application for want of jurisdiction.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.