The State, ex rel. Lehmann, v. Cmich, Mayor, et al.

(No. 69-764—Decided July 8, 1970.)

*Mr. Paul M. Perkins*, for relator.

*Mr. Martin H. Hunker*, city solicitor, and *Mr. Roy H. Batista*, for respondents.

*Per Curiam.* It has long been the law of this state that the conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy. *State, ex rel. Caley*, v. *Tax Comm.*, 129 Ohio St. 83, at 87.

Relator, in his amended petition, admits that the city of Canton supplies water to more than 20,000 persons and that R. C. 6111.13 requires the city to fluoridate its water by January 1, 1971.

R. C. 6111.13 requires respondents to perform a purely ministerial or administrative duty. Respondents are unable to exercise any discretion, except to vary, within narrow statutory limits, the amount of fluorides to be added to the water supply (to be determined by the amount naturally in the water), and the date (prior to January 1, 1971), for implementing fluoridation. Since R. C. 6111.13 allows no exercise of judicial or quasi-judicial discretion by respondents, they are not "about to exercise judicial or quasi-judicial power." Furthermore, a writ of prohibition will not issue where there is an adequate remedy at law. *State, ex rel. Stefanick,* v. *Municipal Court,* 21 Ohio St. 2d 102, at 104. The demurrer is sustained and the writ is denied.

*Writ denied.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.