THE STATE, EX REL. FLANNERY, *v.* SIDWELL ET AL., BOARD OF ELECTIONS OF CLERMONT COUNTY, ET AL.

[Cite as State, ex rel. Flannery, v. Sidwell (1970), 24 Ohio St. 2d 74.]

(No. 70-635—Decided October 26, 1970.)

*Mr. John D. Erhardt* and *Mr. Elmer Goldman,* for relator.

*Mr. Robert A. Jones,* prosecuting attorney, for respondents.

*Per Curiam.* This is an action in prohibition originating in this court. Relator seeks to prevent the respondent board of elections from submitting a referendum to the electorate on an amendment to a zoning ordinance.

Relator alleges that the referendum part-petitions did not contain a sufficient description of the issue and that the circulators' affidavits were affixed only to the second page of each petition and not on every petition paper. Each petition paper consisted of two separate sheets stapled together, with the signatures appearing on the

first sheet and the description of the change and the circulator's affidavit on the second sheet.

Relator alleges also that the ballot is invalid in that it does not apprise the voters of the actual changes proposed by the amendment and that it implies an untruth that the trustees approved the amendment, when they did not in fact approve it.

The board of elections filed a declaratory judgment action in the Court of Common Pleas on those part-petitions, naming the Union Township trustees and the circulators of the part-petitions as defendants. The same issues were raised in the action for a declaratory judgment as are raised in the instant case. The Court of Common Pleas held the part-petitions to be valid.

It is fundamental that prohibition lies only where the board or officer against whom the writ is sought is about to unlawfully exercise judicial or quasi-judicial power. *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11.

That is not the situation in the instant case. The board of elections is not attempting to exercise such powers. Here, the board, instead of approving the part-petition itself, submitted the questions to a court of competent jurisdiction in a declaratory judgment action for determination, and the board is now following the court's decision. It was the court, not the board, which exercised judicial power in the instant case.

So far as the action of the Court of Common Pleas is concerned, prohibition does not apply retroactively. It is directed to the prevention of the usurpation of judicial power and does not lie to review an accomplished act. *State, ex rel. Moss,* v. *Clair,* 148 Ohio St. 642; *State, ex rel. Stefanick,* v. *Municipal Court,* 21 Ohio St. 2d 102.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.