THE STATE, EX REL. CENTRAL OHIO TRANSIT AUTHORITY, *v.* TRANSPORT WORKERS UNION OF AMERICA [LOCAL 208] ET AL., RESPONDENTS.

(No. 87AP-115 — Decided February 11, 1987.)

*Baker & Hostetler, Mark D. Senff, John H. Burtch, Terence P. Kemp, W. Irl Reasoner* and *David R. Kelleher,* for relator.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert W. Sauter,* for respondent Transport Workers Union of America, Local 208.

*Anthony J. Celebrezze, Jr.,* attorney general, for respondent State Employment Relations Board.

WHITESIDE, J. This original action in prohibition was expedited for hearing, and, by the oral agreement of the parties in open court, the matter is treated as submitted upon motions to dismiss by respondents, the determination of which will be dispositive of the merits of this case.

By its complaint in prohibition, relator Central Ohio Transit Authority ("COTA") contends that respondent State Employment Relations Board ("SERB") is or will purport to exercise quasi-judicial power pursuant to R.C. 4117.16 which it cannot constitutionally possess, since such power can properly be vested only in a court.

R.C. 4117.16(A) provides that a public employer believing a lawful strike to create a clear and present danger to the health or safety of the public may petition the court of common pleas to issue a temporary restraining order enjoining the strike; if the court finds probable cause to believe that the strike may be a clear and present danger to the public health or safety, the court has jurisdiction to issue a restraining order for a period not to exceed seventy-two hours. If the court issues such a temporary restraining order, the public employer must seek authorization from the State Employment Relations Board to enjoin the strike beyond the effective period of the temporary restraining order, the determination to be whether the strike creates a clear and present danger to the health or safety of the public, which determination must be made before expiration of the temporary restraining order. The statute further provides that if the board finds a clear and present danger to exist, the common pleas court then has jurisdiction to further enjoin the strike provided that the court must make provisions that the injunction shall terminate at the end of sixty days or upon settlement of the strike, whichever occurs first. The statute provides that thereafter, *i.e.,* after the sixty-day period, no court has further jurisdiction to issue any injunction or other order pursuant to R.C. 4117.16. The order of the common pleas court is made appealable in accordance with the Appellate Rules.

For the reasons that follow, we find the motions to dismiss to be well-taken and decline to interfere with the

authority granted the State Employment Relations Board by R.C. 4117.16 by way of the issuance of a writ of prohibition enjoining the board from exercising that jurisdiction, whatever its nature.

(1) It is not clear that the power exercised by the State Employment Relations Board is judicial or quasi-judicial in nature, since that board only engages in fact-finding and apparently issues no express orders. If the authority of the board be not judicial or quasi-judicial, prohibition is not a proper remedy; but, instead, the appropriate remedy is injunction of which this court has no jurisdiction.

(2) It is not clear that a factual determination by SERB is conclusive upon the common pleas court, if the matter be presented to it, as to either the existence or non-existence of a clear and present danger to the health and safety of the public. R.C. 4117.16(A) does not expressly require the court either to issue an injunction, or refrain from issuing an injunction in accordance with the findings of SERB, although, conceivably, this could be the legislative intent, though not expressly stated.

(3) If the action of SERB, pursuant to R.C. 4117.16(A), constitutes the exercise of judicial or quasi-judicial power, it is not clear that relator COTA would not have a right to appeal pursuant to R.C. 4117.02(M), there being no provision in R.C. 4117.16 that R.C. Chapter 119 does not apply to SERB proceedings thereunder.

(4) Relator, COTA, has an adequate remedy by way of declaratory judgment to raise and determine the issues herein sought to be determined. Inherently, relator COTA's request to this court would require this court to render a declaratory judgment as to the meaning, application, and effect of R.C. 4117.16(A), not only with respect to the jurisdiction of respondent SERB, but also with respect to the effect of any factual determination by respondent SERB upon the rights of relator COTA to seek relief in common pleas court, and with respect to the nature of the jurisdiction of the common pleas court, and further requires a determination of the· constitutionality of R.C. 4117.16(A), and if unconstitutional, whether it is severable. Such issues far transcend the basic principles of prohibition which enjoins a court, tribunal, board or officer from exercising judicial power which it does not possess. Our determination would not be limited to determining whether SERB is usurping judicial power, but, necessarily, we would have to determine the rights and liabilities of relator COTA and respondent Transport Workers Union of America as well as the jurisdiction of the common pleas court and the procedure to be exercised by the court pursuant to R.C. 4117.16(A). Under the circumstances presented, declaratory judgment affords an adequate remedy to relator COTA; and since the complaint alleges that the strike in question commenced on December 9, 1986, an action in declaratory judgment could have been brought anytime thereafter. Cf. *State, ex rel. Fenske*, v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525.

(5) Even assuming that the effect of R.C. 4117.16(A) is to make the factual finding of respondent SERB binding upon the court of common pleas, that court has jurisdiction to determine its own jurisdiction, including the issue of the constitutionality of the imposition of such a restriction upon the power and jurisdiction of a court of common pleas; and, thus, continued proceedings in the action in the court of common pleas which issued the temporary restraining order affords an adequate remedy at law to relator COTA for resolution of all issues raised

herein, from which an appeal may be taken to this court.

For a writ of prohibition to issue, the relator must demonstrate that: (1) the board against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in irreparable injury for which there is no other adequate remedy. See *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11, 52 O.O. 2d 32, 260 N.E. 2d 835; *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 50 O. O. 2d 265, 255 N.E. 2d 634. Here, relator's complaint fails to establish any of these criteria. As indicated above, it is debatable as to whether the power being exercised by respondent SERB is judicial or quasi-judicial, or constitutes only administrative fact-finding. Second, the exercise of such power, as it is being exercised by respondent SERB, is specifically authorized by statute, it being necessary to declare that statute unconstitutional in order to afford relator COTA the relief it seeks. However, it is axiomatic that courts so construe statutes as to avoid unconstitutionality if possible. It is also axiomatic that prohibition will be denied in doubtful cases and is to be granted only where the relator has a clear right to relief, that is, where it is clear that the tribunal is about to usurp and exercise judicial or quasi-judicial power it does not possess. Lastly, relator COTA has at least two adequate remedies at law by way of declaratory judgment and further proceedings in the common pleas court action in which the temporary restraining order was issued, and possibly has the remedy of appeal from any adverse action by respondent SERB.

We recognize that in light of the nature of these proceedings and the time limitations imposed, we have not been able to explore the reasons for our determination herein. Nevertheless, this court finds that predicated upon the allegations of relator's complaint, it is not entitled to a writ of prohibition enjoining respondent SERB from going forward with the proceedings initiated by relator pursuant to R.C. 4117.16(A). This affords an additional basis for denial of the writ, inasmuch as relator could have, by self-help, avoided any possible exercise of jurisdiction by respondent SERB by not invoking that jurisdiction by filing a request for authorization to enjoin the strike, which request was filed pursuant to R.C. 4117.16(A) and, presumably, by relator COTA.

Accordingly, the motions to dismiss are sustained and this action is dismissed.

*Cause dismissed.*

REILLY and YOUNG, JJ., concur.