THE STATE, EX REL. HENSLEY ET AL., *v.* NOWAK, DIRECTOR.

[Cite as State, ex rel. Hensley, *v.* Nowak (1990), 52 Ohio St. 3d 98.]

(No. 89-186—Submitted April 17, 1990—Decided June 27, 1990.)

*John A. Connor II Co., L.P.A., John A. Connor II* and *Darrell E. Fawley, Jr.,* for relators.

*Anthony J. Celebrezze, Jr.,* attorney general, *Nathan Gordon* and *James M. Guthrie,* for respondents.

*Per Curiam.* Relators ask for a writ of mandamus "directing * * * [respondents] to comply with this Court's holding in *State* v. *VFW Post 3562* * * *." However, what relators want is to prevent respondents from engaging in administrative searches in violation of *VFW Post 3562*.

"A writ of mandamus compels action or commands the performance of a duty, while a decree of injunction ordinarily restrains or forbids the performance of a specified act." *State, ex rel. Smith,* v. *Indus. Comm.* (1942), 139 Ohio St. 303, 22 O.O. 349, 39 N.E. 2d 838, paragraph two of the syllabus, quoted in *Assn. for the Defense of the Washington Local School Dist.* v. *Kiger* (1989), 42 Ohio St. 2d 116, 117, 537 N.E. 2d 1292, 1293. Since the requested relief would restrict, rather than compel, respondents, this cause of action sounds in injunction rather than mandamus. We, of course, have no jurisdiction to grant injunctive

relief. *State, ex rel. Kay,* v. *Brown* (1970), 24 Ohio St. 2d 105, 53 O.O. 2d 284, 264 N.E. 2d 908.

Relators also request a writ of prohibition "restraining * * * [respondents] from taking any enforcement action against * * * [relators] by conducting warrantless administrative searches and seizures against * * * [relators] without enabling legislation which complies with this Court's holding in *State* v. *VFW Post 3562* * * *."

"In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." *Commercial Savings Bank* v. *Wyandot Cty. Court of Common Pleas* (1988), 35 Ohio St. 3d 192, 193, 519 N.E. 2d 647, 648-649. Thus, the writ may not issue to prohibit the allegedly forthcoming searches and seizures (regardless of their legality) unless they constitute the exercise of quasi-judicial power.

Searches and seizures, however, are not quasi-judicial acts. Quasi-judicial power is "* * * the power to hear and to determine controversies between the public and individuals which require a hearing resembling a judicial trial * * *. And it is only when that sort of power has been usurped by an administrative officer that he is amenable to the writ of prohibition." *State, ex rel. Methodist Book Concern,* v. *Guckenberger* (1937), 57 Ohio App. 13, 16-17, 9 O.O. 30, 31, 11 N.E. 2d 277, 279, affirmed (1937), 133 Ohio St. 27, 9 O.O. 432, 10 N.E. 2d 1001.

An administrative officer who searches a liquor permit premises is not exercising quasi-judicial power. Indeed, searches are so quintessentially executive in nature that even a judge who participates in one acts "not * * * as a judicial officer, but as an adjunct law enforcement officer." *Lo-Ji Sales, Inc.* v. *New York* (1979), 442 U.S. 319, 327. Therefore, prohibition is not available to forbid searches.

As relators are not entitled to the relief sought, the requested writs of prohibition and mandamus are denied.

*Writs denied.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, concur.

SWEENEY and DOUGLAS, JJ., dissent.