The STATE ex rel. OHIO LEGAL RIGHTS SERVICE

v.

BELSKIS, Judge.

[Cite as *State ex rel. Ohio Legal Rights Serv. v. Belskis* (1993), 85 Ohio App.3d 59.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–868.

Decided Jan. 12, 1993.

*Ronald L. Smith,* for relator.

*Michael Miller,* Franklin County Prosecuting Attorney, *Scott T. Zalenski* and *William B. Shimp,* Assistant Prosecuting Attorneys, for respondent.

WHITESIDE, Judge.

By this original action in prohibition, relator, Ohio Legal Rights Service, seeks a writ prohibiting respondent, Franklin County Probate Judge Lawrence Belskis, from conducting hearings pursuant to R.C. 5122.271 for the purpose of authorizing involuntary imposition of electroconvulsive therapy ("ECT"), specifically a hearing in regard to patient "James B."

The action now is before this court upon a motion for respondent for summary judgment supported by an affidavit of the referee of the probate division of the common pleas court to whom the specific matter was held, namely with respect to patient James B., which indicates that " * * * the application was withdrawn by the hospital where James B. was a patient" and that James B. was a patient " * * * who had voluntarily committed himself to a hospital for the mentally ill."

The affidavits of the legal director of the relator confirm the referee's statement that the application had been withdrawn. The legal director also refers to another patient, Diane R., with respect to whom the application also had been withdrawn. The legal director also points out that in an earlier case involving

Agnes P., respondent had ruled it had jurisdiction over the matter and no appeal was taken. In short, there is no pending proceeding before respondent with respect to which this court could issue a writ of prohibition prohibiting the respondent judge from considering the case. At this time, no claim for relief in prohibition exists, any claim that might have existed with respect to patient James B. or Diane R. now being moot because the applications have been withdrawn.

■ Notwithstanding the absence of any pending proceedings in the trial court, relator contends the case is still viable because the trial court possesses neither concurrent nor exclusive jurisdiction to hear an application for nonconsensual imposition of ECT. Accordingly, relator's reasons that since the trial court is without jurisdiction, prohibition is an appropriate remedy under the authority of *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, and *State ex rel. Safeco Ins. Co. v. Kornowski* (1974), 40 Ohio St.2d 20, 69 O.O.2d 90, 317 N.E.2d 920. Even assuming that the trial court is totally without jurisdiction over the application for nonconsensual imposition of ECT, there still is no case pending in the trial court with respect to which a writ of prohibition could attach. The trial court is not exercising such jurisdiction even though in the past it has indicated that it feels it has such jurisdiction.

■ What relator essentially seeks is a declaratory judgment for this court to declare that R.C. 5122.271 does not confer jurisdiction upon a probate court to hear an application for nonconsensual imposition of electroconvulsive therapy. This court has no jurisdiction in declaratory judgment and there is nothing pending before respondent upon which a writ of prohibition could issue. In order to be granted a writ of prohibition, it is necessary, *inter alia*, that the relator establish that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power which the court or officer is unauthorized by law to exercise. Here, the respondent is not about to exercise the jurisdiction contended to be unauthorized but, instead, the only indication is that the court may in the future exercise such jurisdiction if an application be filed with the court. Construing the evidence most strongly in favor of relator, reasonable minds can only conclude that these two prerequisites for the granting of a writ of prohibition are not present. In addition, the evidence so construed also indicates that the only possible conclusion is that there has been demonstrated no injury that would result to relator if the writ be refused.

We need not address the question of standing of relator to raise the issue at this point, but, assuming standing, relator has not demonstrated any injury that will occur, but only the possibility that something may occur in the future injuring not relator, but third parties for whom relator is concerned. Relator has not met

the test for the issuance of a writ of prohibition. See *State ex rel. Flannery v. Sidwell* (1970), 24 Ohio St.2d 74, 53 O.O.2d 158, 263 N.E.2d 568.

For the foregoing reasons, respondent's motion for summary judgment is sustained, and the requested writ of prohibition is denied.

*Writ denied.*

JOHN C. YOUNG, P.J., and BOWMAN, J., concur.