The STATE ex rel. DELAWARE COUNTY AMPHITHEATER
ACTION COMMITTEE et al.

v.

OHIO DEPARTMENT OF LIQUOR CONTROL et al.

[Cite as *State ex rel. Delaware Cty. Amphitheater Action Commt.
v. Ohio Dept. of Liquor Control* (1994), 94 Ohio App.3d 680.]

Court of Appeals of Ohio,
Franklin County.

No. 94APD03–452.

Decided April 28, 1994.

*Brunner & Brunner* and *Jennifer L. Brunner,* for relators.

*Lee Fisher,* Attorney General, and *Chester Lyman,* Assistant Attorney General, for respondents.

*Per Curiam.*

Relators filed this action as a complaint in prohibition, asking this court to issue a writ of prohibition against the Department of Liquor Control and its Director, Michael A. Akrouche, to prevent respondents from processing an application for a D–1 liquor permit applied for by Polaris Amphitheater. Respondents, the Ohio Department of Liquor Control and its Director, Michael A. Akrouche, have filed a motion to dismiss and memorandum opposing relators' motion for an alternative writ. This motion is well taken and is hereby sustained.

Relators seek a writ of prohibition to enjoin the department from processing the application for transfer of location of one permit to a location in Delaware County to be used for the site of the Polaris Amphitheater. Relators are not seeking, by this action, to enjoin the local option election scheduled to occur in Delaware County on May 3, 1994.

█ The three essential elements of a claim for writ of prohibition are the following: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is not authorized by law; and (3) it will result in injury for which no other adequate remedy exists. *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 17 OBR

45, 476 N.E.2d 1060; *State ex rel. Nolan v. ClenDening* (1915), 93 Ohio St. 264, 271, 112 N.E. 1029, 1031.

■ The department's investigation into a transfer of a permit is largely a ministerial or administrative function. Ministerial acts do not constitute the exercise of quasi-judicial authority. *State ex rel. Brookpark Entertainment, Inc. v. Cuyahoga Cty. Bd. of Elections* (1991), 60 Ohio St.3d 44, 46, 573 N.E.2d 596, 599; *State ex rel. Caley v. Tax Comm. of Ohio* (1934), 129 Ohio St. 83, 1 O.O. 415, 193 N.E. 751; and *State ex rel. Ohio Power Co. v. Franklin Cty. Regional Planning Comm.* (1953), 158 Ohio St. 496, 49 O.O. 421, 110 N.E.2d 415.

■ Quasi-judicial authority has been defined as " 'the power to hear and to determine controversies between the public and individuals which require a hearing resembling a judicial trial.' " *State ex rel. Hensley v. Nowak* (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 173, citing *State ex rel. Methodist Book Concern v. Guckenberger* (1937), 57 Ohio App. 13, 9 O.O. 30, 11 N.E.2d 277, affirmed (1937), 133 Ohio St. 27, 9 O.O. 432, 10 N.E.2d 1001. The mere review and processing of an application for the transfer of a permit is not an exercise of quasi-judicial authority.

R.C. 119.01(D) provides:

" 'Adjudication' means the determination by the highest or ultimate authority of any agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but *does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.*" (Emphasis added.)

For the above reasons, the transfer of a D–1 liquor permit does not constitute the exercise of judicial or quasi-judicial authority. Therefore, relators have failed to meet the first element necessary for a writ of prohibition.

Relators have also failed to demonstrate that the Department of Liquor Control would commit an unauthorized act, in transferring a liquor permit. Polaris Amphitheater has applied for the transfer of a class D–1 permit. The Department of Liquor Control has the authority to investigate the proposed transfer of a location. R.C. 4303.273. The department also has the authority to refuse to transfer a liquor permit upon specified conditions. R.C. 4303.292.

R.C. 4303.26 provides that the department may consider a transfer of location of a liquor permit issued for use at another location, but that certain *legislative and/or executive authorities* must be notified. Thus, the statute itself places limits on the status of those who must receive notice. R.C. 4303.26. Furthermore, those parties are limited in their objections, for they may not object to a liquor permit based on zoning regulations, for example. R.C. 4303.26.

Relators assert in their complaint that Polaris Amphitheater is a convention center as defined in R.C. 4301.01(B)(20). Thus, relators argue that the transfer of a D–1 liquor permit is prohibited by R.C. 4301.37(H), absent a local option election held pursuant to R.C. 4301.355. R.C. 4301.37(H) states: "A convention center shall *not* be affected by a local option election held on or after July 23, 1989, *unless* the election is held under section 4301.354 or 4301.355 of the Revised Code." (Emphasis added.) The most recent election involving the property in question was held on May 8, 1990. This election was held pursuant to R.C. 4305.15, according to relators' complaint.

The language that is placed on the ballot pursuant to R.C. 4305.15 differs from the language that must be placed on the ballot pursuant to R.C. 4301.355. Thus, the election held on May 8, 1990 has no effect whatsoever on the Polaris Amphitheater. Again, R.C. 4301.37(H) clearly states that the only local option elections that have an effect on a convention center are those held under R.C. 4301.354 or 4301.355. The election held on May 8, 1990 was neither. Contrary to relators' assertion, R.C. 4301.37(H) does *not* state that an election pursuant to R.C. 4305.355 *must* be held *before* a liquor permit may be issued or transferred. Thus, we do not agree with relators' contention that respondents are exhibiting "disregard of statutes and applicable legal provisions."

■ The department has a statutory duty to process permit applications. R.C. 4303.25 and 4303.26. A writ of prohibition will not issue against the department for conducting an authorized act. See *Brookpark, supra.* Thus, relators have failed to demonstrate an unauthorized act, and for that reason a writ of prohibition may not issue.

Finally, relators have failed to demonstrate that no other adequate remedy at law exists, or that irreparable harm will result if the writ is not issued. R.C. 4301.31 provides as follows:

"Except as provided in section 4301.28 of the Revised Code, *no court, other than the court of common pleas of Franklin county has jurisdiction of any action against the liquor control commission, the director of liquor control, or the department of liquor control, to restrain the exercise of any power or to compel the performance of any duty under Chapters 4301. and 4303. of the Revised Code.* * * *" (Emphasis added.)

■ Relators argue that this code section pertains only to authorized acts. Because we have found that the department has the authority to transfer a liquor permit, any action to restrain it from doing so must be brought in the Franklin County Court of Common Pleas. Assuming that relators have standing, an action could be brought in the court of common pleas to restrain the department

from issuing a liquor permit. Therefore, relators have an adequate remedy at law.

Furthermore, relators have failed to demonstrate that irreparable harm will occur if the writ is not issued. *State ex rel. Ohio Legal Rights Serv. v. Belskis* (1993), 85 Ohio App.3d 59, 619 N.E.2d 77.

Accordingly, respondents' motion to dismiss is hereby sustained and the petition of relators is dismissed at relators' costs.

> *Respondents' motion to dismiss sustained;*
> *relators' petition is dismissed at relators' costs.*

JOHN C. YOUNG, PETREE and CLOSE, JJ., concur.