JOURNAL ENTRY AND OPINION
Relator, Frederick Sullivan ("Sullivan"), pled guilty to two counts of attempted promoting prostitution and one count of attempted abduction in State v. Sullivan, Cuyahoga County Court of Common Pleas Case Nos. CR-366748, 367600 and 368252. The court of common pleas imposed Sullivan's sentence in March 1999. At the time of sentencing, the court of common pleas found in Case No. CR-368252 — in which Sullivan was convicted of attempted abduction — that Sullivan is a sexually oriented offender. In December 1999, the court of common pleas denied Sullivan's motion to rescind the sexually oriented offender classification. Sullivan has not filed an appeal from Case Nos. CR-366748, 367600 and 368252.
In this action in prohibition, Sullivan requests that this court prohibit respondent sheriff from accepting or requiring relator's sexually oriented offender registration. The sheriff has filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons stated below, we grant respondent's motion and deny Sullivan's request for relief in prohibition.
The criteria for prohibition are well-established.
 In order to be entitled to a writ of prohibition, [relator] Wright had to establish that (1) the [respondent] Registrar is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to Wright for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.
State ex rel. Wright v. Ohio Bur. of Motor Vehicles (1999),87 Ohio St.3d 184, 185, 718 N.E.2d 908. Respondent argues that the sheriff's duties regarding sexually oriented offender registration does not require the exercise of judicial or quasi-judicial power. We agree.
In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied in Cook v. Ohio (1999), 525 U.S. 1182,119 S.Ct. 1122, 143 L.Ed.2d 116, the Supreme Court of Ohio considered various constitutional challenges to R.C. Chapter 2950 and discussed its provisions in detail.
 The registration provision of R.C. Chapter 2950, R.C. 2950.04, applies to all offenders in all three classifications [sexually oriented offenders, habitual sex offenders and sexual predators] and became effective July 1, 1997. The requirement applies to offenders sentenced on or after that date, regardless of when the offense occurred, * * * R.C. 2950.04(A)(1), (2), and (3). Offenders must register with their county sheriff and provide a current home address, the name and address of the offender's employer, a photograph, and any other information required by the Bureau of Criminal Identification and Investigation. R.C. 2950.04(A) and (C). * * *.
 Offenders must periodically verify their current home address. R.C. 2950.06. How often they must do so depends on the classification to which they belong. R.C. 2950.06(B). Sexually oriented offenders must verify their residential address with the county sheriff where they reside or are temporarily domiciled annually for ten years. R.C. 2950.07(B)(3) and 2950.06(B)(2). * * *.
 If the underlying offense was a felony, failure to comply with the registration and verification provisions is a felony. R.C. 2950.06(G)(1) and 2950.99.
Id. at 408.
Sullivan argues that the sheriff is exercising quasi-judicial power by registering persons classified as sexually oriented offenders under R.C. 2950.04.
 With respect to the first requirement, respondents claim that they are not exercising either judicial or quasi-judicial power. Quasi-judicial authority is defined as "`the power to hear and to determine controversies between the public and individuals which require a hearing resembling a judicial trial * * *.'" State ex rel. Hensley v. Nowak (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 173, citing State ex rel. Methodist Book Concern v. Guckenberger (1937), 57 Ohio App. 13, 16-17, 9 O.O. 30, 31, 11 N.E.2d 277, 279, affirmed (1937), 133 Ohio St. 27, 9 O.O. 432, 10 N.E.2d 1001; State ex rel. Delaware Cty. Amphitheater Action Commt. v. Ohio Dept. of Liquor Control (1994), 94 Ohio App.3d 680, 682, 641 N.E.2d 764, 765.
State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections (1995),72 Ohio St.3d 69, 71, 647 N.E.2d 769.
In Novak v. McFaul (Oct. 26, 1999), Cuyahoga App. No. 77132, unreported, relator Novak requested that this court issue a writ of prohibition against the sheriff to prevent him from evicting Novak.
 In the present case the sheriff is not about to exercise judicial authority. Issuing an eviction notice or effecting a writ of possession is an administrative act and not a judicial act. State ex rel. Greenwood v. Baals (1940), 66 Ohio App. 255, 31 N.E.2d 244 — the issuance by a justice of the peace of a writ of restitution is a ministerial act. See also, Bank One, Cincinnati v. Wait (1996), 110 Ohio App.3d 460, 674 N.E.2d 759.
Id. at 4. As is the case with an eviction, the sheriff — by registering a sexually oriented offender — is merely discharging a duty prescribed by law. He is not acting to "determine controversies between the public and individuals which require a hearing resembling a judicial trial." Youngstown, supra.
Furthermore, R.C. 2950.07(G)(2)(b) provides that the sheriff shall seek a warrant if a person fails to verify a current residence address as required by R.C. 2950.07(F). Obviously, the court would exercise judicial power by determining whether a warrant should issue. These provisions reflect that the General Assembly limited the role of a sheriff to non-judicial acts.
Sullivan has not demonstrated that R.C. Chapter 2950 grants the sheriff any quasi-judicial authority regarding registering sexually oriented offenders. The sheriff's responsibilities are merely administrative, ministerial or clerical in nature. Relief in prohibition would not, therefore, be appropriate.
Additionally, as was the case in Novak, supra, Sullivan "has or had adequate remedies at law through appeal and motions for stay. The availability of these remedies precludes the issuance of a writ of prohibition. State ex rel. Sunderman v. Barber (1941),139 Ohio St. 84, 38 N.E.2d 318." Id. at 4. See, e.g., State v.Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, (finding that appellant was a sexually oriented offender and imposition of registration requirements reversed because appellant was sentenced before the effective date of R.C. 2950.04)
The sheriff also argues that the affidavit accompanying the complaint is not sufficient to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the detailsof the claim." (Emphasis added.) Sullivan's counsel avers in the affidavit accompanying the complaint that "he has read the foregoing Petition; and that all allegations contained therein are true as he verily believes." Counsel's affidavit does not specify "the details of the claim." Failure to provide the requisite details is a basis for dismissal. State ex rel. Pecsi v. Jones
(Mar. 16, 2000), Cuyahoga App. No. 77464, unreported, at 2-3.
The sheriff further observes that Sullivan has failed to comply with the requirements of Civ.R. 8 ("short and plain statement of the claim") and Civ.R. 10 ("numbered paragraphs" for averments of claim). Clearly, Sullivan has not complied with the formal requirements for a complaint. The complaint does not consist of numbered paragraphs and a substantial portion of the complaint is argument rather than pleading. Although these defects alone may not have been dispositive, in light of the discussion above, we are required to conclude that the complaint is not sufficient to state a claim upon which relief can be granted.
Accordingly, the sheriff's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs.
Writ denied.
 ANN DYKE, A.J., LEO M. SPELLACY, J., CONCUR
 __________________________ TERRENCE O'DONNELL, JUDGE