DECISION AND JUDGMENT ENTRY
This case is before the court on relator Lonny Lee Bristow's petition for a writ of mandamus ordering the Toledo Blade and other members of the media outside this court's jurisdiction to "report accurate information on Bristow." For the following reasons we sua sponte dismiss relator's petition.
A writ of mandamus compels action or commands the performance of a duty. State ex rel. Hensley v. Nowak (1990), 52 Ohio St.3d 98. In addition, "* * * the purpose of the mandamus is to redress past grievances." State ex rel. Selected Properties, Inc. v. Gottfried
(1955), 163 Ohio St. 469, 475. Here, relator petitions for a writ of mandamus dictating future behavior rather than redressing past grievances. Furthermore, "`Mandamus will not lie to enforce a private right against a private person.'" State ex rel. Longacre v. PentonPublishing Co. (1997), 77 Ohio St.3d 266, 267-268 (Citations omitted.) The right relator seeks to enforce is a private right, that is, the right not to be libeled or slandered, and the Toledo Blade is a private business entity. Accordingly, mandamus will not lie, and relator's petition is ordered dismissed at relator's costs.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. concur.