THE STATE, EX REL. GRAY, APPELLANT, *v.* LEIS, PROS. ATTY., ET AL., APPELLEES.

[Cite as State, ex rel. Gray, v. Leis (1980), 62 Ohio St. 2d 102.]

(No. 79-1396—Decided April 23, 1980.)

*Gustin & Lawrence Co., L.P.A., Mr. D. Shannon Smith* and *Mr. Christopher J. Mehling,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellees.

*Per Curiam.* Initially, it is noted that the appellant prayed that a prohibition order issue against the appellee prosecutor.

Just recently, this court, in *State, ex rel. Parker,* v. *Court* (1980), 61 Ohio St. 2d 351, decided that prohibition will not issue against a prosecuting attorney, since the prosecutor is not seeking to exercise judicial or quasi-judicial power, which must exist to support the issuance of a writ of prohibition.

Accordingly, prohibition is denied with regard to the appellee prosecutor herein.

The remaining issue before this court is whether prohibition should issue in this cause to prevent appellee judge from proceeding with the matter before him.

"The three requirements which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no

adequate remedy in the ordinary course of law. *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95." *State, ex rel. Celebrezze, Jr.,* v. *Court* (1979), 60 Ohio St. 2d 188, 189.

Appellees claim that appellant has an adequate remedy by way of a direct appeal if he is found guilty in his criminal trial.

Appellant urges that an appeal in the instant cause is not an adequate remedy at law and likens this situation to a breach of a plea bargaining agreement, as in *State, ex rel. Adler,* v. *Court* (C.A. Wood Co., March 21, 1979), No. WD-79-7, which allowed a writ of prohibition to issue.

Subsequent to the filing of his initial brief to this court, the cause upon which appellant relies was reversed by this court. In *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, this court stated, at page 3:

"Relator's argument, that the actions of the police prosecutor in obtaining relator's release of claims and dismissing a charge against him justify the issuance of a writ of prohibition to prevent respondent court from assuming jurisdiction herein, is without merit."

Therefore, we hold that appellant's argument that the trial court does not have jurisdiction over his pending criminal trial, even though the immunity order was withdrawn, is also without merit. Appellant has an adequate remedy at law by way of appeal from any adverse judgment rendered against him in the action presently before the trial court. See *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 88, and *State, ex rel. Adler,* v. *Court, supra.*

Accordingly, the judgment of the Court of Appeals dismissing the complaint in prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

WILLIAM B. BROWN, J., dissenting. The majority is correct in stating that "[t]he three requirements which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for

which there is no adequate remedy in the ordinary course of law."

I disagree with the majority's application of these requirements because appellant's *exposure* to prosecution unauthorized by law (because of the grant of immunity) is an injury for which direct appeal is necessarily an inadequate remedy. In order to prosecute appellant, the state, in a prior extraordinary proceeding, should be required to demonstrate that the immunity is void. This sequence of proceedings would not be unfair to the state since the ensuing prosecution would be lawful if and only if the immunity were void.