THE STATE, EX REL. REPUBLIC STEEL CORPORATION, APPELLANT,
v. QUINN, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Republic Steel Corp., v. Quinn (1984),
12 Ohio St. 3d 57.]

(No. 83-1624—Decided July 3, 1984.)

*Messrs. Day, Ketterer, Raley, Wright & Rybolt, Mr. Larry R. Brown* and *Mr. William S. Cline,* for appellant.

*Zwick Law Offices Co., L.P.A.,* and *Mr. Leander P. Zwick III,* for intervening appellee.

*Per Curiam.* This court has consistently held that in order for a writ of prohibition to lie, the following requirements must be satisfied: "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117]; *State, ex rel. Dow Chemical Co.,* v. *Court* (1982), 2 Ohio St. 3d 119, 120; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.

The parties concede that appellee is about to exercise judicial power. Therefore, the question presented is whether appellee, by proceeding with the appeal instituted pursuant to R.C. 4123.519, will exercise jurisdiction unauthorized by law resulting in injury for which no other adequate remedy exists.

R.C. 4123.519 provides, in pertinent part:

"The claimant or the employer may appeal *a decision* of the industrial commission * * * other than *a decision* as to the extent of disability, to the court of common pleas of the county in which *the injury* was inflicted or in which the contract of employment was made if *the injury* occurred outside the state. If *the claim* is for an occupational disease, the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from *a decision* of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission. Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of receipt of *the decision* appealed from or the date of receipt of *the order* of the commission refusing to permit an appeal from a regional board of review. * * *

"Notice of appeal shall state the names of the claimant and the employer, *the number* of *the claim, the date* of *the decision* appealed from, and the fact that the appellant appeals therefrom." (Emphasis added.)

Appellant contends that R.C. 4123.519 does not authorize two or more decisions of the commission to be appealed to the court of common pleas in a single action. Instead, appellant contends that Gordon was required to institute a separate appeal from each claim addressed by the commission.

In support of this contention, appellant relies upon the language of R.C. 4123.519 providing for an appeal of "a decision" of the commission within sixty days of having received the "decision," as it pertains to a "claim"made due to the infliction of an "injury." Since Gordon initiated a single appeal involving two decisions of the commission, appellant argues that R.C. 4123.519 was not adhered to and that, as such, appellee is wholly without jurisdiction to consider the appeal.

We are unpersuaded by appellant's argument which completely overlooks the provisions of R.C. 1.43(A), wherein the General Assembly has stated, with respect to statutory construction, that "[t]he singular includes the plural, and the plural includes the singular."

In *Wingate* v. *Hordge* (1979), 60 Ohio St. 2d 55, 58 [14 O.O.3d 212], this court recognized that "[i]n cases such as the one at bar, the General Assembly has set forth the rules by which such disputes should be resolved. Indeed, no better method exists to ascertain the correct construction of an ambiguous statute than to call upon a rule of statutory construction which the enacting body itself has provided."

Continuing, we concluded that "[i]n the absence of clear language in * * * [the statute] to the contrary, or evidence which adequately demonstrates that such a construction is out of context with the remaining language of that statute or its related provisions," the legislative guidelines set forth in R.C. 1.43(A) will be applied. *Id.*

In *Wingate, supra,* the issue presented was whether the owner of a "Payable on Death" savings account could designate multiple beneficiaries, even though R.C. 2131.10 used the words "person" and "beneficiary." In applying R.C. 1.43(A), this court reasoned that such a designation was neither precluded under the statute, nor was it out of context with the remaining language of the statute or its related provisions.

So, too, in the present case, the application of R.C. 1.43(A) is neither prohibited by the provisions of R.C. 4123.519, nor does it conflict with related provisions contained in R.C. Chapter 4123, as long as any and all decisions sought to be appealed are instituted within the sixty-day limitation period prescribed by R.C. 4123.519. In the subject cause, each decision was appealed within the sixty-day limitation period. Accordingly, appellee is not exercising jurisdiction unauthorized by law and, therefore, the court of appeals properly denied the writ.

For the foregoing reasons, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.