THE STATE, EX REL. KEELER, SHERIFF, *v.* LEVINE, ADMINISTRATIVE JUDGE.

(No. 84AP-309 — Decided August 30, 1984.)

J. *David Webb,* prosecuting attorney, for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas L. Rosenberg,* for respondent.

NORRIS, J. In this original action, relator, Sheriff John L. Keeler, seeks a writ of prohibition restraining respondent, Richard J. Levine, from conducting an investigation of relator's power of appointment, layoff, suspension, or removal of employees. Relator contends that respondent has no authority to conduct the investigation.

The action was occasioned by correspondence respondent directed to relator advising him of respondent's intention to conduct an investigation pursuant to the provisions of R.C. 124.56, as a result of an allegation received by the State Personnel Board of Review ("PBR") that relator was requiring his deputies to work in excess of a forty-hour week without additional compensation.

The correspondence was conducted on PBR stationery and respondent utilized the title "Administrative Law Judge."

The pertinent portion of R.C. 124.56 follows:

"When the state personnel board of review * * * has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an

employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board * * * shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the governor, * * * who may remove forthwith such guilty officer, board, commission, head of department, or person. The officer or employee shall first be given an opportunity to be publicly heard in person or by counsel in his own defense. The action of removal by the governor, * * * is final except as otherwise provided in this chapter of the Revised Code."

In order for a writ of prohibition to lie, the following requirements must be satisfied: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists. *State, ex rel. Republic Steel Corp.,* v. *Quinn* (1984), 12 Ohio St. 3d 57.

As to the first requirement, it is clear that respondent is not a judge, in spite of the title with which he has apparently been clothed by the PBR. Courts and judges are created by the Ohio Constitution and the Ohio General Assembly, not by administrative agencies. Sections 1 and 15, Article IV, Ohio Constitution. We assume respondent is a referee or examiner, since the PBR is authorized to appoint such employees by R.C. 124.03(D).

We next must consider whether respondent is authorized by law in proper cases to discharge quasi-judicial powers. What is meant by quasi-judicial power is the power conferred upon administrative officers to hear and determine controversies between the public and individuals which require a hearing resembling a court trial. *State, ex rel. Methodist Book Concern,* v. *Guckenberger* (1937), 57 Ohio App. 13, 16-17 [9 O.O. 30]. At its root, quasi-judicial

power involves the hearing and determination of controversies. See *State, ex rel. Arey,* v. *Sherrill* (1944), 142 Ohio St. 574 [27 O.O. 505].

That respondent is not empowered to act in a quasi-judicial capacity is apparent from the fact that inherent in the function of an examiner or referee is the limitation that he must submit his work product to his appointing authority for its final disposition. See Civ. R. 53. Accordingly, it is clear that respondent is not a public official authorized in proper cases to discharge quasi-judicial power.

Nor, under the circumstances of this case, does respondent threaten to exercise quasi-judicial power unlawfully. Under the stipulated facts, respondent advised relator that he was initiating an investigation, pursuant to the authority of R.C. 124.56, of allegations received by the PBR concerning the number of hours deputy sheriffs were required to work by relator. Relator was further advised by respondent that he would "prepare a report and recommendation." Nowhere is there any indication that respondent was attempting or threatening to exercise quasi-judicial power. Instead, all of the facts indicate that he was attempting to exercise the kind of purely ministerial functions expected of a referee or examiner.

Accordingly, because respondent is not a public officer who is about to exercise quasi-judicial power, prohibition is not the proper remedy. When a public officer threatens to exercise ministerial powers not conferred upon him by law, the proper remedy to restrain such action would be by injunction.

Because the question has not been raised in this action, we express no opinion as to whether the exercise of the authority vested by R.C. 124.56 in the PBR to find a violation, or in the Governor to remove an officer, would amount to the exercise of quasi-judicial power.

It is unfortunate that confusion and a waste of resources has resulted from

the action of the PBR in conferring a judicial title upon its employee. Nevertheless, under the circumstances of this case, the writ must be denied.

*Writ denied.*

STRAUSBAUGH and WHITESIDE, JJ., concur.