**The STATE ex rel. JEFFERYS**

v.

**WATKINS, Pros. Atty.**

[Cite as *State ex rel. Jefferys v. Watkins* (1994), —— Ohio App.3d ——.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4595.

Decided Jan. 3, 1994.

*Jeffrey V. Goodman,* for relator.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *Patrick F. McCarthy,* Assistant Prosecuting Attorney, for respondent.

*Per Curiam.*

Relator, Sandra Jefferys, was the mother of Tracey Jefferys, now deceased. Tracey Jefferys was killed on June 27, 1991 in Trumbull County. Roderick Davie was charged with, and subsequently convicted of, the murder of Tracey Jefferys.

Respondent, Dennis Watkins, is the Prosecuting Attorney of Trumbull County and was in charge of the prosecution of Roderick Davie. In his official capacity as prosecutor, Watkins gathered certain confidential law enforcement investigatory records and trial preparation materials, including a videotape depicting the gruesome crime scene of the Jefferys murder and a graphic depiction of the decedent.

Relator contends that certain members of the general public, including the news media, have demanded that respondent release the aforementioned videotape and other trial preparation materials for the purpose of mass publication and rebroadcast of those materials.

Relator filed a complaint for writ of prohibition on August 28, 1991 in this court to prevent respondent from releasing said materials to the general public and the news media. Relator asserts that the release of the videotape or other trial preparation materials to the news media and/or the general public is not authorized by law, and would violate R.C. 149.43. Relator also maintains that the release of said materials would violate her due process rights and her right to privacy as guaranteed by the United States Constitution.

Relator seeks the intervention of this court because she believes the release of the materials in question would amount to an exercise of quasi-judicial power, and the denial of the writ would result in injury for which there is no adequate remedy in the ordinary course of the law.

On September 3, 1991, the Vindicator Printing Company and WFMJ Television, Inc. filed a motion to intervene in this action and for a stay of proceedings. This motion was granted by this court on April 17, 1992. Subsequently, they filed a motion to withdraw on July 2, 1992. We granted that motion on July 9, 1992.

On April 30, 1993, the parties filed joint amended stipulations of fact. The parties stipulated that the only records relator is seeking to prohibit the release of are any photographs and/or videotapes which depict the decedent and which were taken in the course of the law enforcement investigation of the murder. This specifically excludes any such photographs and/or videotapes which were introduced into evidence at trial. Respondent has submitted such photographs and/or evidence under seal for purposes of an *in camera* review by this court.

The Ohio Supreme Court has repeatedly held that there are three basic prerequisites for the issuance of a writ of prohibition. In *State ex rel. La Boiteaux Co. v. Hamilton Cty. Court of Common Pleas* (1980), 61 Ohio St.2d 60, 15 O.O.3d 85, 399 N.E.2d 90, the court stated:

"Three conditions must exist to support the issuance of a writ of prohibition: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law. *State, ex rel. Bell, v. Blair* (1975), 43 Ohio St.2d 95 [72 O.O.2d 53, 330 N.E.2d 902]. * * * " *Id.*, 61 Ohio St.2d at 61, 15 O.O.3d at 85, 399 N.E.2d at 91.

■ In the present case, relator contends that the first prong of the foregoing test is met, as respondent would be exercising quasi-judicial power if he released the photographs and/or videotapes to the media. In *State ex rel. Keeler v. Levine* (1984), 19 Ohio App.3d 113, 19 OBR 201, 483 N.E.2d 185, the court defined "quasi-judicial power" as follows:

"[T]he power conferred upon administrative officers to hear and determine controversies between the public and individuals which require a hearing resembling a court trial. *State, ex rel. Methodist Book Concern, v. Guckenberger* (1937), 57 Ohio App. 13, 16–17 [9 O.O. 30, 31, 11 N.E.2d 277, 279]. At its root, quasi-judicial power involves the hearing and determination of controversies. See *State, ex rel. Arey, v. Sherrill* (1944), 142 Ohio St. 574 [27 O.O. 505, 53 N.E.2d 501]." *Id.*, 19 Ohio App.3d at 114, 19 OBR at 202, 483 N.E.2d at 186.

In the case *sub judice*, it is clear that respondent, as county prosecutor, has no power to hear and determine any controversy relating to the release of any records of his office. In fact, pursuant to R.C. 149.43, respondent has an affirmative duty as a public official to make public records kept by his office available to the public, except such records as are exempt under R.C. 149.-43(A)(4). In the case of a dispute, the authority to determine whether R.C. 149.43 requires disclosure of particular materials is vested solely in the courts.

Since relator has not met all prongs of the three-part test, she is not entitled to the relief that she seeks.

■ Additionally, there is a problem with the standing of relator to raise her argument.

In *State ex rel. Vindicator Printing Co. v. Watkins* (Dec. 31, 1991), Trumbull App. No. 91–T–4555, unreported, 1991 WL 280007, affirmed (1993), 66 Ohio St.3d 129, 609 N.E.2d 551, this court held that the murder victim's immediate family had no standing to intervene in a criminal case. This court found that no case

law or statute gives any party the right to interdict either the obligation or the right of the prosecutor to provide or withhold data under Crim.R. 16 or R.C. 149.43. We concluded:

"Further, if in fact the State submits items in evidence in a collateral criminal proceeding which would have been subject to nondisclosure under Crim.R. 16 or R.C. 149.43 prior to that occasion, there appears to be little legal basis, if any, for the contention that the right to privacy should prevent such submissions later during the trial of such matter." See, also, *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 602 N.E.2d 1159; *State ex rel. Lippitt v. Kovacic* (1991), 70 Ohio App.3d 525, 591 N.E.2d 422.

Based upon the foregoing analysis, relator is not entitled to the relief that she requests.

Relator's petition for a writ of prohibition is denied.

*Petition denied.*

FORD, P.J., CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.