[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 159.]

THE STATE EX REL. MILLER, APPELLANT, *v.* REED, JUDGE, APPELLEE.

[Cite as *State ex rel. Miller v. Reed*, 1999-Ohio-315.]

*Prohibition—Writ sought to prohibit common pleas court judge and county prosecuting attorney from conducting a sexual predator classification hearing—Dismissal of complaint affirmed.*

(No. 99-1003—Submitted September 14, 1999—Decided November 10, 1999.)

APPEAL from the Court of Appeals for Allen County, No. 1-99-27.

_____

{¶ 1} In 1993, appellant, Jerry S. Miller, was convicted of rape and gross sexual imposition and sentenced to prison. In July 1997, after the Ohio Department of Rehabilitation and Correction had recommended that Miller be adjudicated a sexual predator pursuant to R.C. 2950.09, Miller's trial court declined to make a determination concerning the classification, instead finding that R.C. 2950.09, as applied to Miller, violated the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.

{¶ 2} We subsequently held in a different case that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, paragraph one of the syllabus. In February 1999, based on *Cook*, appellee, Allen County Court of Common Pleas Judge Jeffrey L. Reed, ordered a hearing pursuant to R.C. 2950.09(C)(2) to determine whether Miller is a sexual predator.

{¶ 3} Miller then filed a complaint in the Court of Appeals for Allen County for a writ of prohibition to prevent appellees, Judge Reed and Allen County Prosecuting Attorney David E. Bowers, from conducting the hearing. Miller claimed that the trial court's July 1997 decision declaring R.C. 2950.09

unconstitutional as applied to Miller barred any further sexual predator classification hearing because of *res judicata*. The court of appeals dismissed Miller's complaint.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Jerry S. Miller, pro se.*

———————————

**Per Curiam.**

{¶ 5} On appeal, Miller asserts that the court of appeals erred in dismissing his prohibition action against Judge Reed and the prosecuting attorney because the trial court's July 1997 decision was *res judicata* and R.C. 2950.09(B)(1) is unconstitutional. Miller further asserts that because he should have been the prevailing party, the court of appeals erred in assessing costs against him.

{¶ 6} Notwithstanding Miller's claims to the contrary, "*res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal." *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280, citing *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369, and *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 21, 655 N.E.2d 1303, 1305-1306.

{¶ 7} In addition, we need not address the merits of Miller's constitutional claim because Miller did not raise this issue in his complaint or amend his complaint to include this claim, and appellees did not expressly or impliedly consent to litigation of this claim. See, *e.g., State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 344-345, 699 N.E.2d 1271, 1276-1277; *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 589, 669 N.E.2d 839, 843. Although Miller cited in his complaint *State v. Williams* (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 WL 76633,

discretionary appeal allowed (1999), 86 Ohio St.3d 1406, 711 N.E.2d 233, and noted that *Williams* held that R.C. 2950.09 is unconstitutional, he did so only to allege that he would suffer harm if classified as a sexual predator, and not to establish that his trial court's attempt to hold a sexual predator classification hearing was unauthorized because of the claimed unconstitutionality of the statute.

{¶ 8} Furthermore, Miller was not entitled to a writ of prohibition against the prosecuting attorney because the prosecutor does not exercise judicial or quasi-judicial power in a sexual predator classification hearing. See, *e.g.*, R.C. 2950.09(C); *State ex rel. Gray v. Leis* (1980), 62 Ohio St.2d 102, 16 O.O.3d 106, 403 N.E.2d 977; *State ex rel. Jefferys v. Watkins* (1994), 92 Ohio App.3d 809, 811, 637 N.E.2d 345, 347.

{¶ 9} Finally, Miller's contention that the court of appeals should not have assessed costs against him because he should have prevailed lacks merit. Miller was not the prevailing party in this case. And while he claims discrimination against his claimed indigency status due to the costs assessment, he did not comply with the R.C. 2969.25(C) requirement of a statement certified by his prison cashier setting forth the balance in his inmate account for each of the preceding six months, although he asserted in his complaint that he would comply with that provision. See, generally, *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____