OPINION
{¶ 1} Appellant Ricky Wright appeals the decision of the Stark County Court of Common Pleas, which dismissed him from a workers compensation appeal filed jointly with three other plaintiffs. The relevant facts leading to this appeal are as follows:
 {¶ 2} On December 27, 2001, following an Ohio Industrial Commission decision that denied a claim for workers compensation benefits for asbestosis, appellant filed an appeal with the Stark County Court of Common Pleas pursuant to R.C. 4123.512. Appellant filed his appeal under the same common pleas case number as three other under individuals with similar claims, all of whom worked for Appellee Ford at the same job site. On May 13, 2002, Ford filed a motion to dismiss, alleging a violation of the procedures set forth in R.C. 4123.512. Appellant filed a response on May 28, 2002. On May 31, 2002, the trial court dismissed all plaintiffs without prejudice, except the named plaintiff Anthony Cora, finding that R.C. 4123.512 only allows for one claimant to file a workers compensation appeal under a particular common pleas case number.
 {¶ 3} Appellant timely appealed therefrom[1] and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The trial court erred in granting appellee Ford Motor Company's motion to dismiss."
 I. {¶ 5} In his sole Assignment of Error, appellant contends the trial court erred in dismissing him as a plaintiff in the joint workers compensation appeal. We disagree.
 {¶ 6} The relevant statute, R.C. 4123.512(A), reads in part as follows:
 {¶ 7} "The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. If no common pleas court has jurisdiction for the purposes of an appeal by the use of the jurisdictional requirements described in this division, the appellant may use the venue provisions in the Rules of Civil Procedure to vest jurisdiction in a court. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from an order of a staff hearing officer made under division (D) of section 4123.511 of the Revised Code from which the commission has refused to hear an appeal. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. * * *."
 {¶ 8} "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." Jenkinsv. Keller (1966), 6 Ohio St.2d 122, 216 N.E.2d 379, paragraph 4 of syllabus. Our task is thus to determine whether the General Assembly's use of the singular term "the claimant" in R.C. 4123.512(A) requires jurisdictional dismissal by a trial court of additional co-plaintiffs in a workers compensation administrative appeal. Issues of statutory construction are reviewed de novo by a court of appeals. Yommer v.Outdoor Enterprises, Inc. (1998), 126 Ohio App.3d 738, 740, citing Statev. Wemer (1996), 112 Ohio App.3d 100, 103. The interpretation of a statute is a question of law. Neiman v. Donofrio (1992), 86 Ohio App.3d 1,3, 619 N.E.2d 1117. "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." State v. S.R. (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. In order to determine the legislative intent, a court must first look to the statute's language. Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 105,304 N.E.2d 378. Words used in a statute are to be taken in their usual, normal and customary meaning. Pennington v. Gundler (1996),75 Ohio St.3d 171, 173, 661 N.E.2d 1049 (citing R.C. 1.42). Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. Id. (citing State v. Waddell (1995),71 Ohio St.3d 630, 631, 646 N.E.2d 821).
 {¶ 9} Although authority exists for the proposition that multiple employers may be joined by a movant in one workers compensation claim, our research has revealed no prior case law addressing the exact issue before us. However, in State ex rel. Republic Steel Corp. v. Quinn
(1984), 12 Ohio St.3d 57, 465 N.E.2d 413, the Ohio Supreme Court addressed the issue of bringing a single workers compensation appeal based on two or more decisions of the industrial commission. In that case, a welder working for Republic Steel sought compensation for impairment of circulation and the amputation of his right lower extremity due to a 1978 burn injury, as well a second claim seeking the same compensation as a result of a 1979 injury. After the claims were administratively denied, the welder perfected a single appeal to the court of common pleas. Republic unsuccessfully sought a writ of prohibition in the court of appeals, and thereafter presented to the Supreme Court the issue of whether R.C. 4123.519 (now R.C. 4123.512)[2]
authorized two or more decisions of the industrial commission to be appealed to the court of common pleas in a single action. Id. at 58. In affirming the denial of the writ of prohibition by the court of appeals, the Supreme Court applied the General Assembly's rule of statutory construction, found in R.C. 1.43(A), that "[t]he singular includes the plural, and the plural includes the singular." The Supreme Court concluded: "So, too, in the present case, the application of R.C. 1.43(A) is neither prohibited by the provisions of R.C. 4123.519, nor does it conflict with related provisions contained in R.C. Chapter 4123, as long as any and all decisions sought to be appealed are instituted within the sixty-day limitation period prescribed by R.C. 4123.519." Id. at 59.
 {¶ 10} Nonetheless, the Ohio Supreme Court in Quinn did not address whether such an interpretation is applicable to a single workers compensation appeal by multiple claimants. Ordinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. State v. Virasayachack (2000),138 Ohio App.3d 570, 741 N.E.2d 943. Moreover, it is axiomatic that statutes should be construed to avoid unreasonable consequences. SeeState ex rel. Dispatch Printing v. Wells (1985), 18 Ohio St.3d 382, 384,481 N.E.2d 632. We find that sanctioning the utilization of the statutory workers compensation mechanism to effectuate multi-plaintiff actions is an unreasonable consequence and outside of the scope of present legislative intent. We therefore conclude the General Assembly's use of "the claimant" in R.C. 4123.512(A) means just that, i.e., an individual worker.
 {¶ 11} Accordingly, the trial court did not err in dismissing appellant's workers compensation claim. Appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Boggins, J., concurs.
Gwin, P.J., dissents.
Topic: Multi claimant workers compensation appeal.
[1] Each of the remaining dismissed plaintiffs have also separately appealed to this court.
[2] Former R.C. 4123.519 provided, in pertinent part: "The claimant or the employer may appeal a decision of the industrial commission * * * other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state."