This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Ellis Fenderson, Anthony Leibas, Carl Smitkowski, and Domer Richter, appeal the decision of the Lorain County Court of Common Pleas, which dismissed their workers compensation appeal. This Court reverses.
 I.
{¶ 2} On December 27, 2001, following an Ohio Industrial Commission decision that denied their claims for workers compensation benefits for asbestosis, appellants filed an appeal with the Lorain County Court of Common Pleas pursuant to R.C. 4123.51.2. Appellants filed their appeal under the same common pleas case number. All four appellants worked for appellee USX Corporation ("USX") nka U.S. Steel Corporation, at the same job site. On August 27, 2002, USX filed a motion to dismiss, alleging a violation of the procedures set forth in R.C. 4123.51.2. Appellants filed a response on September 6, 2002. On September 23, 2002, the trial court granted appellee's motion to dismiss.
{¶ 3} Each appellant timely appealed, and the individual appeals were consolidated by this Court. Appellants set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 4} "THE TRIAL COURT ERRED IN GRANTING APPELLEE USX CORPORATIONS'S MOTION TO DISMISS."
{¶ 5} The relevant statute, R.C. 4123.51.2(A), states in pertinent part:
{¶ 6} "The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.51.1 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. If no common pleas court has jurisdiction for the purposes of an appeal by the use of the jurisdictional requirements described in this division, the appellant may use the venue provisions in the Rules of Civil Procedure to vest jurisdiction in a court. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from an order of a staff hearing officer made under division (D) of section 4123.51.1 of the Revised Code from which the commission has refused to hear an appeal. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.51.1 of the Revised Code."
{¶ 7} Although no controlling authority exists on this issue, the Fifth District Court of Appeals has determined that multiple claimants cannot file a single notice of appeal. Wright v. Ford Motor Co., 5th Dist. No. 2002CA00211, 2003-Ohio-265, at ¶ 10. In reaching its decision, the Fifth District strictly interpreted the use of "claimant" in R.C. 4123.51.2(A) to mean only a single individual worker. Id. This Court is not persuaded by the Fifth District's logic. In addressing a similar issue, the Supreme Court of Ohio held a claimant could file a single workers compensation appeal based on two or more decisions of the industrial commission. State ex rel. Republic Steel Corp. v. Quinn
(1984), 12 Ohio St.3d 57, 59.
{¶ 8} In Quinn, an employee of Republic Steel filed a claim seeking compensation for a 1978 burn injury, as well as an injury that he sustained in 1979. After his claims were administratively denied, he perfected a single appeal to the court of common pleas. Republic unsuccessfully sought a writ of prohibition in the court of appeals, and thereafter, presented the issue of whether R.C. 4123.51.9 (now R.C. 4123.51.2) authorized two or more decisions of the industrial commission to be appealed to the court of common pleas in a single action. Quinn12 Ohio St.3d at 58. Republic argued that R.C. 4123.51.9 does not authorize two or more decisions of the commission to be appealed to the court of common pleas in a single action. In support of this contention, Republic relied "upon the language of R.C. 4123.51.9 providing for an appeal of `a decision' of the commission within sixty days of having received the `decision,' as it pertains to a `claim' made due to the infliction of an `injury.'" Id. Since its employee initiated a single appeal involving two decisions of the commission, Republic argued that R.C. 4123.51.9 was not adhered to and that, as such, the court of common pleas was wholly without jurisdiction to consider the appeal. The Supreme Court was not convinced by Republic's argument.
{¶ 9} The Supreme Court held that multiple claims may be set forth in a single notice of appeal, notwithstanding the statutory use of the singular "claim." Quinn at 59. In reaching its decision in Quinn, the Supreme Court applied the General Assembly's rule of statutory construction, found in R.C. 1.43(A), that "[t]he singular includes the plural, and the plural includes the singular." The Supreme Court concluded: "So, too, in the present case, the application of R.C. 1.43(A) is neither prohibited by the provisions of R.C. 4123.51.9, nor does it conflict with related provisions contained in R.C. Chapter 4123, as long as any and all decisions sought to be appealed are instituted within the sixty-day limitation period prescribed by R.C. 4123.51.9." Id.
{¶ 10} This Court finds that the Supreme Court's holding in Quinn
is applicable to the case sub judice. If multiple claims may be set forth in a single appeal, it follows that multiple claimants may be joined in a single appeal as long as the minimum requirements of R.C. 4123.51.2[1]
have been met. In this case, appellants have included all the required information in their appeal.
{¶ 11} After the notice of appeal is filed, however, Civ.R. 42 gives the trial court discretion to determine whether the appellants' cases should be joined. See Jamestown Village Condo Owners Assn. v.Market Media Research, Inc. (1994), 96 Ohio App.3d 678, 687. In addition, Civ.R. 21 allows a trial court to sever claims its deems improperly joined. See State ex rel. Starner v. DeHoff (1985),18 Ohio St.3d 163, 164. Therefore, this Court finds that the trial court was not authorized to dismiss appellants' appeal. Upon remand, the trial court may evaluate the appropriateness of joinder and order the cases severed, in which case, each appellant may be required to pay a filing fee and the cases will proceed separately.
 III.
{¶ 12} Accordingly, the trial court erred in dismissing appellants' workers compensation claims. Appellants' sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause remanded for proceedings consistent with this opinion.
BAIRD, P.J. and WHITMORE, J. CONCUR
[1] R.C. 4123.51.2(B) provides: "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom."