[Cite as *State ex rel. Williamson v. Toledo*, 2026-Ohio-1633.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio, ex. rel Michael-Rashaad Williamson | Court of Appeals No. {48}L-26-00101 |
| Relator | |
| v. | |
| | **DECISION AND JUDGMENT** |
| City of Toledo, et al. | |
| | Decided: May 5, 2026 |
| Respondents | |

* * * * *

**ZMUDA, J.**

{¶ 1} Relator, Michael Williamson, proceeding pro se, filed this original action seeking a writ of prohibition against respondents the City of Toledo and its police department, the "Prosecutor of the Lucas County Municipal Court,"[1] and the Incumbent Commissioner of Office for IRS. He requests an order from this court prohibiting respondents from taking further action, other than dismissal, in a

---

[1] Presumably, relator intended to reference the Toledo Municipal Court as there is no "Lucas County Municipal Court." This misnomer does not impact our resolution of this action as correction of this error would not alter our analysis.

case currently pending before the Toledo Municipal Court. Because respondents are not subject to a writ of prohibition, we dismiss this action.

{¶ 2} Initially, we note that sua sponte dismissal of a complaint for a writ of prohibition is generally inappropriate. *State ex rel. Jones v. Garfield Hts. Mun. Ct.,* 77 Ohio St.3d 447, 447-448 (1997), citing *State ex rel. Cossett v. Executive State Governors Federalism Summit*, 74 Ohio St.3d 1416 (1995). However, dismissal is warranted when the complaint is frivolous or the claimant cannot prevail on the facts alleged in the complaint. *Id.*

{¶ 3} "To be entitled to a writ of prohibition, [relators must first] establish that [respondents] are about to exercise or have exercised judicial power[.]" *State ex rel. McNamara,* 2025-Ohio-979, ¶ 10. A writ of prohibition cannot be issued against individuals that do not exercise judicial or quasi-judicial power. *Id.* at ¶ 11, citing *State ex rel. Gray v. Leis,* 62 Ohio St.2d 102, 103 (1980) (holding that a writ of prohibition cannot be issued against a prosecutor as they do not exercise judicial power). Relator's complaint offers no facts that suggest the named respondents are exercising any judicial or quasi-judicial power. Instead, his complaint alleges that the pending criminal case against him should be dismissed and that his record should be expunged. None of the named respondents can exercise judicial authority over those requests. As a result, we cannot issue a writ of prohibition against them as a matter of law. *Id.* Relator, then, cannot succeed on the merits of his complaint and we dismiss this action. *Jones* at 447-448.

{¶ 4} Writ denied. Costs assessed to relator.

2.

**To the clerk: Manner of Service**

The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Gene A. Zmuda, J. | |
| --- | --- |
| | JUDGE |

| Myron C. Duhart, J. | |
| --- | --- |
| | JUDGE |

| Charles E. Sulek, J.<br>CONCUR. | |
| --- | --- |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.